**January 31, 1990**

IN THE SUPREME COURT OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOSE P. MAFNAS, Personally and as President of the Seventh Commonwealth Senate,<br><br>Petitioner,<br><br>vs.<br><br>SUPERIOR COURT OF THE COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS,<br><br>Respondent.<br><br>and<br><br>ELOY INOS, in his capacity as Director of the Department of Finance, JOSEPH INOS, JESUS R. SABLAN, EDWARD U. MARATITA, FRANCISCO M. BORJA, and HENRY DLG. SAN NICOLAS, in their capacity as Members-Elect of the Seventh Commonwealth Senate, FELIPE Q. ATALIG and ABRAHAM TAISACAN,<br><br>Real Parties In Interest. | ORIGINAL ACTION NO. 90-001<br>SUPERIOR COURT NO. 90-31<br><br><br><u>ORDER DENYING PETITION FOR WRIT OF MANDAMUS and MOTION FOR STAY</u> |

Before:   Villagomez and Borja, Justices, and Hillblom, Special Judge.

PER CURIAM:

On January 10, 1990, Senator Jose P. Mafnas (hereafter "Mafnas") filed with the superior court a Complaint for

75

Declaratory Relief and for a Preliminary and Permanent Injunction. Mafnas, in part, sought to be declared President of the Senate. Simultaneously, he applied for a temporary restraining order, asking that the real parties in interest be enjoined from acting as officers of the Senate. On the same day the superior court issued an Order to Show Cause directed to the real parties in interest. (See caption above for a list of real parties in interest.) On January 18, 1990, the superior court issued a stipulated order restraining Eloy Inos from disbursing government funds to the Senate pending disposition of the case.

A hearing was held, after which the judge issued, on January 22, 1990, his Memorandum Decision followed by his Declaratory Judgment. The Judgment declared, inter alia, that Joseph Inos was the President of the Senate.

On January 23, 1990, Mafnas filed a Motion for Stay of Judgment and for Injunction Pending Petition, or in the Alternative for a Temporary Stay. However, no petition or appeal was pending at the time and the trial court denied the motion on January 24, 1990.

Mafnas then filed his Petition for Writ of Mandamus with this Court on January 30, 1990. He contends that the Respondent, trial court, usurped its judicial power; that he (Mafnas) has no plain, speedy and adequate remedy other than a writ of mandamus; and requests this Court to direct the trial judge to immediately vacate his Declaratory Judgement

and Memorandum Decision. He also prays for this Court to grant Mafnas the declaratory relief sought below, including a ruling that he is the duly constituted President of the Senate of the Seventh Legislature. At the same time he filed a motion for stay in this Court.

Rule 21(b) of the Rules of Appellate Procedure of this Court provides:

> If this Court is of the opinion that the writ should not be granted, it shall deny the petition. Otherwise, it shall order that an answer to the petition be filed by the respondents within the time fixed by the order.

We have carefully examined the Petition for Writ of Mandamus, the memorandum in support thereof, and the excerpt of the record. We have re-examined the conditions, guidelines and criteria set forth in our previous decisions on the question of when it is justified for this Court to invoke such extraordinary remedy.[1]

In applying such guidelines to the facts and circumstances of this case, we have come to the conclusion that mandamus is not the proper remedy. There is insufficient showing of extraordinary circumstances.

---

[1] In <u>Tenorio v. Superior Court</u>, Original Action No. 89-002 (CNMI slip opinion, November 4, 1989) we set forth the guidelines and precedents for all litigants and the superior court to follow in cases involving extraordinary writs. Neither the trial court nor the Petitioner referred to such guidelines.

The criteria for showing extraordinary circumstance as set forth in _Tenorio v. Superior Court_, _supra_, are as follows:

1. The party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief desired.

2. The petitioner will be damaged or prejudiced in a way not correctable on appeal.

3. The lower court's order is clearly erroneous as a matter of law.

4. The lower court's order is an oft-repeated error, or manifests a persistent disregard of applicable rules.

5. The lower court's order raises new and important problems, or issues of law of first impression.

In applying these guidelines to a particular case there will not always be a bright-line distinction; the guidelines themselves often raise questions of degree; the considerations are cumulative; and proper disposition will require a balancing of conflicting indicators. _Tenorio v. Superior Court_, _supra_.

In _Tenorio_, a review had to be made within a few days because of an upcoming election. There was no time for a direct appeal. Had the review been done after the election, there would have been damage or prejudice not correctable on appeal. It would have been too late. We also found that the order of the lower court was clearly erroneous as a matter of law and that it raised issues of first impression in this

78

jurisdiction.    After balancing the conflicting indicators we granted the Petition for Writ of Mandamus.

In  the case at hand, after reviewing the guidelines and balancing   the   conflicting   indicators,   the   balance   tips towards denying the Petition.   The Petition does not convince us that the lower court's Memorandum Decision and Declaratory Judgment  have to be reviewed immediately and has not clearly shown  what  the  damage  will  be  that  cannot otherwise be correctable on direct appeal.

The   Petitioner   fails   to   show   that the lower court's decision  is an oft-repeated error, or manifests a persistent disregard  of applicable rules.   The Petitioner contends that the  judge  failed  to  follow  the  rules  of  procedure and applied the law incorectly solely in this particular case.

█We find that this case raises issues of first impression in  the Northern Mariana Islands.   However, this factor alone does  not  convince  us that a writ of mandamus is the proper vehicle.   As we noted in <u>Tenorio</u>,

> (t)here  are  dangers  to  an  unprincipled  use  of
> peremptory  writs,   as for example, the possibility
> that  its use would be an impermissible alternative
> to  the  normal  appellate process.   Its abuse could
> operate  to  undermine the mutual respect generally
> existing   between   trial   and   appellate   courts.
> Further, appellate courts should insure against the
> temptation  to grant such writs merely because they
> might be sympathetic to the petitioner's underlying
> actions.

<u>Supra</u> at page 5.

█We place greater weight on the first two guidelines.   In

79

view of this, there is no need to consider criteria number three.

Based on the above analysis, we conclude that this case should be brought before us by way of a direct appeal, not by way of a petition for writ of mandamus.

IT IS HEREBY ORDERED that the Petition for Writ of Mandamus is DENIED and this case is DISMISSED. Having decided to deny the Petition for Writ of Mandamus we see no basis for a stay and the motion for stay is also DENIED.[2]

Entered this _31st_ day of _January_, 1990.

_____
RAMON G. VILLAGOMEZ, Acting Chief Justice

_____
JESUS C. BORJA, Associate Justice

_____
LARRY L. HILLBLOM, Special Judge

---

[2] This order does not preclude the Petitioner from filing a notice of appeal and moving for a stay pursuant to applicable rules.